IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

NORTHERN DIVISION

|  |  |
|---|---|
| JOSE RODOLFO ALONSO,<br><br>    Plaintiff,<br><br><br>    vs.<br><br><br>STATE OF UTAH, et al.,<br><br>    Defendants. | MEMORANDUM DECISION AND<br>ORDER DISMISSING COMPLAINT<br><br><br><br><br>Case No. 1:10-CV-092  TS |

Plaintiff brings his Complaint under 42 U.S.C. § 1983 for violation of his civil rights

This case is a companion case to Case No. 1:10-CV-091, in which Plaintiff attempted to

remove a state court criminal proceeding to this court.  The Court has summarily remanded

the companion case for the failure to show grounds for removal.

Plaintiff is proceeding pro se and in forma pauperis.  Pursuant to 28 U.S.C. §

1915(e)(2), when a plaintiff is proceeding in forma pauperis "the court shall dismiss the

case at any time if the court determines that— the action . . . fails to state a claim on which

relief may be granted" or "seeks monetary relief against a defendant who is immune from such relief."[1]

The Tenth Circuit Court of Appeals explained the standard to be used to review in forma pauperis complaints in *Kay v. Bemis*:[2]

> "Dismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend." "In determining whether a dismissal is proper, we must accept the allegations of the complaint as true and construe those allegations, and any reasonable inferences that might be drawn from them, in the light most favorable to the plaintiff."[3]

> We apply the same standard of review for dismissals under § 1915(e)(2)(B)(ii) that we employ for Federal Rule of Civil Procedure 12(b)(6) motions to dismiss for failure to state a claim. . . . In the Rule 12(b)(6) context, "[w]e look for plausibility in th[e] complaint." In particular, we "look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief." Rather than adjudging whether a claim is "improbable," "[f]actual allegations [in a complaint] must be enough to raise a right to relief above the speculative level."[4]

The Court reviews the Complaint under §1915(e)(2)(B). Construing the Complaint liberally, it appears that Plaintiff is seeking monetary damages for asserted violations of his rights under the Fourth Amendment by false arrest and illegal search and seizure, and violation of the Fourteenth Amendment due process rights. Plaintiff refers to his

---

[1]28 U.S.C. § 1915(e)(2)(B)(ii)-(iii).

[2]500 F.3d 1214 (10th Cir. 2007).

[3]*Id*. at 1217-18 (quoting *Curley v. Perry*, 246 F.3d 1278, 1281 (10th Cir. 2001) and *Gaines v. Stenseng*, 292 F.3d 1222, 1224 (10th Cir. 2002)).

[4]*Id*. (quoting *Alvarado v. KOB-TV, L.L.C.*, 493 F.3d 1210, 1215 and n.2 (10th Cir. 2007) and *Bell Atl. Corp. v. Twombly*, 127 S.Ct. 1955, 1965 (2007)).

attachments, but neither his complaint nor the attachments allege any specific actions by any defendant. Instead they make only nonspecific conclusory allegations. Plaintiff also cites 28 U.S.C. § 1350, which provides for jurisdiction over civil actions by an alien for a tort committed "in violation of the law of nations or a treaty of the United States," but does not specifically allege any tort in violation of any specific law or treaty.

Assuming all of Plaintiff's factual allegations to be true, he seeks money damages from the State of Utah, two highway patrol troopers, Chris Turly and Brandon Whitehead, and an unnamed deputy county attorney in Weber County, arising from their alleged actions in connection with a pending criminal action. According to his Complaint, Plaintiff is not in custody, and therefore, he does to have an available habeas remedy.

The Court finds that the Complaint must be dismissed for three reasons. First, as to the State of Utah and the county prosecutor, they have immunity from suit. The State of Utah under the Eleventh Amendment[5] and the deputy county prosecutor under absolute prosecutorial immunity.[6] Plaintiff alleges in a conclusory fashion that the prosecutor used "public office for fraud," but Plaintiff alleges absolutely no facts to support this conclusion and, therefore, alleges no facts under which prosecutorial immunity would not apply.

---

[5] *Ruiz v. McDonnell,* 299 F.3d 1173, 1180 (10th Cir. 2002) (holding that "[w]ith certain limited exceptions, the Eleventh Amendment prohibits a citizen from filing suit against a state in federal court" and that "Congress did not abrogate states' Eleventh Amendment immunity when it enacted 42 U.S.C. § 1983").

[6] *See Imbler v. Pachtman*, 424 U.S. 409, 431 (1976) (holding that "in initiating a prosecution and in presenting the State's case, the prosecutor is immune from a civil suit for damages under § 1983").

Second, as to the unnamed deputy county attorney and the two Utah Highway Patrol Troopers, there are no specific acts alleged by any individual defendant. There are vague and conclusory allegations that the individual defendants were acting as agents Thus, the claims do not even rise to the level of speculation, much less meet the plausibility level required to meet the *Twombly* standard to avoid dismissal under Rule 12(b)(6). Therefore, Plaintiff simply fails to state a claim as to any of the individual defendants.

Finally, and most significant, all of the allegations of denials of civil rights—a stop, an illegal search and seizure, an illegal arrest, denial of liberty, and denial of due process— are based on his allegation that these actions were improper when "no crime was committed."[7] Thus, the Complaint necessarily implies the invalidity of any conviction or sentence that might result from the prosecution of the pending charges. The Tenth Circuit has explained the rule when the § 1983 Complaint necessarily implies the invalidity of a conviction:

> In *Heck v. Humphry*, the Supreme Court addressed the question of when a prisoner may bring a § 1983 claim relating to his or her conviction or sentence. The Court held that when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. But if the district court determines that the plaintiff's action, even if successful, will not demonstrate the invalidity of any outstanding criminal

---

[7]Complaint at ¶ C.

judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit.[8]

In *Beck*, the Tenth Circuit extended the *Heck* rule to § 1983 claims to the situation alleged in the present case:

> Thus, *Heck* precludes § 1983 claims relating to pending charges when a judgment in favor of the plaintiff would necessarily imply the invalidity of any conviction or sentence that might result from prosecution of the pending charges. Such claims arise at the time the charges are dismissed.[9]

A *pro se* plaintiff "whose factual allegations are close to stating a claim but are missing some important element that may not have occurred to him, should be allowed to amend his complaint."[10] While "*pro se* litigants are to be given reasonable opportunity to remedy the defects in their pleadings,"[11] the Court should dismiss the claim where "it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend."[12] In the present case, it would be futile to allow the pro se Plaintiff to amend his claim against the individual Defendants because, under *Heck*, his claims necessarily imply the invalidity of any conviction or sentence that might result from the prosecution of the pending charges and, therefore, would not arise until such time as the charges are dismissed. It is therefore

---

[8]*Beck v. City of Muskogee Police Dept*., 195 F.3d 553, 556-57 (10th Cir. 1999) (quoting *Heck v. Humphrey*, 512 U.S. 477, 487 (1994)).

[9]*Id*. at 557.

[10]*Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[11]*Id*. at 1110 n. 3.

[12]*Kay v. Bemis*, 500 F.3d 1214, 1217-18 (10th Cir. 2007).

ORDERED that, pursuant to 28 U.S.C. § 1915(e)(2)(B), the Complaint is DISMISSED for the failure to state a claim, immunity, and because they are currently barred under *Heck*. The clerk of court is directed to close this case.

DATED  June 11, 2010.

BY THE COURT:

_____

TED STEWART
United States District Judge